UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GARCIA,<br><br>                      Petitioner,<br><br>            v.<br><br>R. JOHNSON, Warden, et al.,<br><br>                      Respondents. | Case No. CV 19-9382 JLS (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

In his Objections, Petitioner argues at length about the purported merits of his due process claim. (Obj. at 4-7). However, the Petition is denied because it fails to state a cognizable habeas claim. Petitioner further asserts that if his claim is not cognizable in habeas, the Court should construe it as a claim under 42 U.S.C. § 1983. (*Id.* at 1, 7-8). In making this request, Petitioner does not address the reasons articulated in the Report and Recommendation as to why conversion is inappropriate here.

1

A district court has discretion to construe a habeas petition raising civil rights claims as a § 1983 lawsuit. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam), superseded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). However, the court is not required to do so, even upon the request of the petitioner, and here conversion would be improper. *See Cheatom v. Grounds*, 2011 WL 3555775, at *1 (N.D. Cal. Aug. 11, 2011) ("Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so.") (emphasis in original). Generally, a court may recharacterize a habeas petition as a civil rights complaint only if the petition is amenable to conversion to a § 1983 action "on its face," that is, if the petition names the correct defendants and seeks the proper relief. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). Here, the Petition would require substantial amendment to recast its sole ground for relief as a civil rights claim, to identify the defendant or defendants responsible for the alleged constitutional violation, and to describe their actions.

Furthermore, if the Petition were converted to a § 1983 complaint, Petitioner would be obligated to pay the $350.00 filing fee applying to prisoner civil rights actions, either immediately in full or through withdrawals from his prison trust account as funds become available over time. *See* 28 U.S.C. § 1915(b). Petitioner's obligation to pay the $350.00 filing fee would not end even if his civil rights action were dismissed at the pleading stage and would continue until the full amount is paid, regardless of when or how the action is resolved. The Court would also be obligated to screen the converted petition pursuant to the PLRA's screening provisions. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). The allegations of the Petition, as currently pled, do not state a cognizable § 1983 claim against the named Respondents. If the converted petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g). Under that provision, a prisoner who has three "strikes" -- *i.e.*, prior actions dismissed on the grounds that they

1  are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may
2  not bring an action or appeal without prepayment of the full filing fee unless "the prisoner
3  is under imminent danger of serous physical injury." *Id.*
4
5  In addition, it would be inappropriate to construe the Petition as arising under
6  § 1983 because:  (1) the Petition was not accompanied by the $350.00 filing fee or an
7  application to proceed *in forma pauperis* so that the filing fee could be paid in increments
8  over time; (2) the Petition was not accompanied by an affidavit regarding Petitioner's
9  financial status and a certified trust account statement covering the past six months as
10  required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization
11  by Petitioner to have the $350.00 filing fee deducted from his trust account pursuant to 28
12  U.S.C. § 1915(b); and (4) Petitioner has not identified the capacity in which Respondents
13  would be sued for purposes of a civil rights claim, a critical issue for determining whether
14  Respondents would be immune from suit under the Eleventh Amendment.
15
16  Petitioner, may, of course, correct at least some of these deficiencies by filing a
17  civil rights lawsuit accompanied by the proper documentation.  The Court believes it is
18  appropriate to dismiss the Petition, without prejudice, so that Petitioner may carefully
19  consider whether or not he wishes to raise his due process claim through a properly-
20  submitted civil complaint.  Accordingly, all of Petitioner's Objections are OVERRULED
21  and the request that this action be converted to a suit under § 1983 is DENIED, without
22  prejudice to re-filing Petitioner's claim in a civil rights action.
23
24  IT IS ORDERED that the Petition is denied and Judgment shall be entered
25  dismissing this action without prejudice.
26  \\
27  \\
28  \\

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and on counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 12, 2020

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

4